COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN .
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201-845-9600
Fax:  201-845-9423

MILLER LAW LLC
MARVIN A. MILLER
MATTHEW E. VAN TINE
115 South LaSalle Street
Suite 2910
Chicago, Illinois 60606
Telephone:  312-332-3400

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kalow & Springut, LLP, on behalf of itself and all those similarly situated, ) | Case No.: |
| ) | |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| v. ) | CLASS ACTION COMPLAINT |
| ) | |
| Commence Corporation, ) | DEMAND FOR JURY TRIAL |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Kalow & Springut, a New York Limited Liability Partnership with its principal place of

business at 488 Madison Avenue, New York, New York, for its complaint against Commence

Corporation, alleges as follows:

## INTRODUCTION

1. This is a suit to recover damages for the sudden failure of expensive software, possibly as a result of a hidden "time bomb" in that software. On March 20, 2006, thousands of businesses that depended on Commence Corporation's software to manage relations with customers, billing, and other vital functions discovered that their software had ceased to properly function. Commence responded to the issue by telling many customers that they had to pay Commence many thousands of dollars for an upgrade in order to make the software work again. In addition, the businesses lost thousands of dollars in incidental expenses as a result of this incident.

## PARTIES

2. Plaintiff Kalow & Springut LLP ("Kalow") is a New York limited liability partnership with is principal place of business in New York, New York.

3. Defendant Commence Corporation ("Commence") is a New Jersey corporation with its principal place of business in the Borough of Tinton Falls, County of Monmouth, State of New Jersey.

## JURISDICTION

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1331, and this Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1332(d) because this is a class action where the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and because at least one member of the proposed class is a citizen of a state different from the defendant, and supplementary jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is proper in this judicial district in that the Defendant is a citizen of this district, and many of the actions at issue in this action took place in this district.

## FACTUAL ALLEGATIONS

6.      Kalow started using Commence's software at least as early as 2000 for customer relationship management timekeeping, patent docketing and calendaring.

7.      Kalow initially spent several thousand dollars for the software. It later purchased an upgrade.

8.      Once a customer purchases software such as Commence's, it becomes very reliant on it for managing customer relationships, including billing and scheduling.

9.      Commence maintains its data in a proprietary format. This format is not easily converted to use with other available software, so the customer is for all practical purposes forced to continue using the Commence product.

10.     On March 20, 2006, all versions of Commence's software stopped properly working.

11.     The software package included computer code, sometimes called a "time bomb," which rendered the software inoperable after that date.

12.     Commence's response to the problem was two-fold.

13.     For customers who had purchased the newest versions of its software, Commence made a fix available after a period of time that allowed the software to fully function again.

14.     However, Commence refused to fix the problem for any user who owned a version older than 2.1.

15.     Commence told those users of older versions that the only way to make their software work again was to purchase the current upgrade.

3

16. Because their valuable timekeeping, patent dockets, firm contacts and calendaring, data was no longer fully accessible to them, Kalow, like the other class members, was forced to purchase this upgrade for $15,211.00.

17. Even those customers who were not forced to purchase the upgrade incurred thousands of dollars of damages in lost productivity and wages or fees paid to computer consultants.

### Class Allegations

18. Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of all persons and entities who purchased Commence Corporation software and were using it as of March 20, 2006.

19. While the exact number of Class members can only be determined from defendant's records, plaintiff believes that there are thousands of Class members geographically dispersed throughout the United States. Accordingly, members of the Class are so numerous that joinder of all members is impracticable.

20. Plaintiff's claims are typical of the claims of the members of the Class because plaintiff and all of the Class members sustained damages arising out of the same wrongful conduct complained of herein.

21. Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel who are experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Class plaintiff seeks to represent.

22. A class action is superior to all other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small in comparison to the costs of individual litigation to vindicate their rights, the expense and burden of individual litigation

make it virtually impossible for the members of the Class individually to redress the wrongs done to them. There will be no difficulty in the management of the action as a class action.

23.     Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are:

        a.      whether the Computer Fraud and Abuse Act was violated by defendant's acts as alleged herein;

        b.      whether the New Jersey Consumer Fraud Act was violated by defendant's acts as alleged herein;

        c.      whether the Consumer Fraud Acts of each of the states where the plaintiff class members live were violated by defendant's acts as alleged herein; and

        d.      whether the members of the Class have sustained damages and, if so, what is the appropriate measure of damages.

### Count I – Violation of the Computer Fraud and Abuse Act

24.     Plaintiff repeats and realleges the allegations of paragraphs 1 though 23 as if fully set forth herein.

25.     Kalow's and the class members' computer systems were protected computers within the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

26.     Defendant Commence intentionally transmitted software code to these computer systems.

27.     The software code Defendant Commence intentionally transmitted to these computer systems caused damage to them.

5

28.     The software code damaged multiple parties and caused aggregate damages in excess of $5,000.

### Count II – Violation of the New Jersey Consumer Fraud Act

29.     Plaintiff realleges the allegations of paragraphs 1 through 28 as if fully set forth herein.

30.     As a resident and citizen of the State of New Jersey, defendant is required to abide by the dictates of New Jersey law, including the New Jersey Consumer Fraud Act.

31.     Plaintiff and the other Class members are consumers within the meaning of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.

32.     The New Jersey Consumer Fraud Act prohibits a person from engaging in any unfair practice, and from making any false, deceptive or misleading representation or omission with intent that others rely on it, in trade or commerce.

33.     Defendant engaged in unfair, false, deceptive, and misleading practices, representations, and omissions in representing that it produced good quality software that businesses should rely upon and that it would stand behind its software.

34.     Defendant's unfair and deceptive conduct proximately caused Plaintiff and the Class to be injured.

### Count II – Violation of the Consumer Fraud
### Acts of the States Where Defendant Does Business

35.     Plaintiff realleges the allegations of paragraphs 1 through 28 as if fully set forth herein.

36.     Plaintiff and the other Class members are consumers within the meaning of the each of these Consumer Fraud Acts.

6

37.     Each of these Consumer Fraud Acts prohibits a person from engaging in any unfair practice, and from making any false, deceptive or misleading representation or omission with intent that others rely on it, in trade or commerce.

38.     Defendant engaged in unfair, false, deceptive, and misleading practices, representations, and omissions in representing that it produced good quality software that businesses should rely upon and that it would stand behind its software.

39.     Defendant's unfair and deceptive conduct proximately caused Plaintiff and the Class to be injured.

40.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.*

41.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*

42.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*

43.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

44.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or has made false representations in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*

45.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*

46.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*

7

47.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. Code § 28-3901, *et seq*.

48.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq*.

49.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §10-1-392, *et seq*.

50.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq*.

51.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq*.

52.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 50511, *et seq*.

53.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq*.

54.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.1 b, *et seq*.

55.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq*.

56.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq*.

57.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq*.

58.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation Mass Gen L. Ch. 93A, *et seq.*

59.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*

60.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*

61.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 8.31, *et seq.*

62.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Missouri Stat. § 407.010, *et seq.*

63.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*

64.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*

65.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*

66.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*

67.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J.S.A. 56:8-2, *et seq.*

68.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq.*

69.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349 *et seq.*

70.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*

71.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*

72.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*

73.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Okla. Stat. 15 § 751, *et seq.*

74.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*

75.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*

76.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*

77.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*

78.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. code Laws § 37-24-1, *et seq.*

79.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*

80.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*

81.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code. § 13-11-1, *et seq.*

82.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq.*

83.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*

84.     Defendant has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code. § 19.86.010, *et seq.*

85.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*

86.     The unfair and deceptive acts and practices of Defendant have directly, foreseeable, and proximately caused or will cause damages and injury to Plaintiffs and the members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the Class, pray that:

A.     The Court declare this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

B.     The Court enter judgment in favor of Plaintiff and the Class against Defendant;

C.     That Plaintiff and the other members of the Class recover their damages against Defendant in an amount to be determined, together with interest;

D.     That Plaintiff and the other members of the Class recover their costs of this suit, including reasonable attorneys' fees; and

E.      That Plaintiff and the other members of the Class be granted such other relief as the

Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable in this case.

Dated:  July 25, 2007

                              COHN LIFLAND PEARLMAN
                              HERRMANN & KNOPF LLP
                              Attorneys for Plaintiff

                              By:_____
                                        Peter S. Pearlman

                              Park 80 Plaza West-One
                              Saddle Brook, NJ  07663
                              Telephone:  201-845-9600
                              Fax:  201-845-9423

                              MILLER LAW LLC
                              Marvin A. Miller
                              Matthew E. Van Tine
                              115 South LaSalle Street
                              Suite 2910
                              Chicago, Illinois 60606
                              Telephone:  312-332-3400