UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
KALOW & SPRINGNUT, LLP, on behalf      :
of itself and those similarly situated, :
                                       :   Civil Action No.: 07-3442(FLW)
            Plaintiff,                 :
                                       :   **OPINION**
      v.                               :
                                       :
COMMENCE CORPORATION,                  :
                                       :
            Defendant.                 :
_____:

**WOLFSON, United States District Judge**,

      Plaintiff Kalow & Springnut, LLP ("Plaintiff" or "Kalow") brings the instant class action suit against Defendant Commence Corporation ("Defendant" or "Commence") to recover damages arising from the alleged failure of computer software that Plaintiff purchased from Defendant seven years ago. Plaintiff filed a Class Action Complaint on behalf of a class that consists of those who purchased Commence's software. Specifically, the three-count Complaint alleges: 1) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, for Defendant's alleged intentional transmission of a software code causing damage to Plaintiff's computer systems; 2) violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-2, for Defendant's alleged engagement in deceptive and misleading practices in the marketing of its software; and 3) violations of various consumer fraud acts in the states where Defendant conducts business (virtually all states), in anticipation of class certification. Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint. For the reasons set

forth below, Plaintiff's claims are dismissed without prejudice; however, Plaintiff shall have Twenty (20) days from the date of the Order accompanying this Opinion to amend its Complaint.

## BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in light most favorable to the non-moving party. See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). As such, the following facts are taken from Plaintiff's Complaint.

Kalow started using Commence's software as early as 2000 for customer relationship management, timekeeping, patent docketing, and calendering. Kalow initially spent several thousand dollars for the software, and later purchased an upgrade. At the time of the instant case, Kalow was using version 2.1 of Commence's software. Once Kalow purchased Commence's software, it became reliant upon the software because the information entered into the program is converted into a unique proprietary format which is not easily convertible to other formats. On March 20, 2006, all versions of Commence's Software stopped working because the software package included a computer code (referred to as a "time bomb"), which rendered the software inoperable after that date.

Commence responded to the issue in two ways: first, for customers who had purchased the newest versions of its software, Commence made a fix available after a period of time that allowed the software to function again. However, Commence refused to fix the issue for any user who owned a version older than 2.1, such as Kalow. The only option available to the users of older Commence software was to purchase the current software upgrade. Because Kalow had become reliant on the software and the need to access the information stored in a unique

proprietary format in the program, it was forced to purchase the upgrade for approximately $15,211.00.

Kalow filed the instant class action pursuant to Rule 23(a) and b(3) on behalf of a class it claims consists of those who purchased Commence's software and were using it as of March 20, 2006. Kalow asserts the following causes of action against Commence: 1) Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, for Commence's alleged intentional transmission of software code causing damage to Kalow's computer systems, which are protected computers under the meaning of the CFAA; and 2) New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2, for Commence's alleged engagement in "unfair, false, deceptive, and misleading practices, representations, and omissions in representing that it produced good quality software that businesses should rely upon and that it would stand behind its software." A third-count alleges various violations of consumer fraud acts in the states where Commence conducts business, in anticipation of class certification. Commence moves to dismiss the Complaint in its entirety.

## DISCUSSION

### I.     Standard of Review

In reviewing a motion to dismiss on the pleadings, a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff. See Gomez v. Toledo, 446 U.S. 635, 636 n. 3 (1980); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim. See Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). Recently, in Bell Atlantic Corporation v. Twombly, the Supreme Court clarified the Rule

12(b)(6) standard. 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Thus, while a complaint does not need detailed factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65.

  II.  Count One - Computer Fraud and Abuse Act

The CFAA provides that any person "who knowingly causes the transmissions of a program, information, code, or command, and as a result of such conduct intentionally causes damage without authorization, to a protected computer," shall be subject to certain sanctions and punishments. 18 U.S.C. § 1030(a)(5)(A)(i). The provision relevant to financial loss mandates that at least one person suffers damage aggregating in at least $5000 in value in any one year period. 18 U.S.C. § 1030(a)(5)(B)(i).

Here, the Complaint alleges that Commence "intentionally transmitted a software code" to Kalow's computer system and that, the "software code Defendant Commence intentionally transmitted to these computer systems caused damage to them." Commence does not dispute that Kalow has alleged it suffered a loss, as defined by the CFAA, and that Kalow has met the monetary requirement under the statute. See 18 U.S.C. § 1030(a)(5)(B)(I). However, Commence argues that Kalow's allegation is insufficient to withstand the Rule 12(b)(6) standard;

that is, nowhere does Kalow actually aver that Commence intended to cause <u>harm</u>.  Commence argues that the Court should not infer intentional harm from the language of the Complaint.  Indeed, Commence contends that Kalow, in its own Complaint, concedes that this is a suit "to recover damages for the sudden failure of expensive software, possibly as a result of a hidden 'time bomb' in that software."  Kalow, on the other hand, claims that CFAA only requires a showing of intentional transmission of the computer code, and not the intention to cause harm to its customer's data.  The Court disagrees.

To support its contention that allegations of intentional harm are not necessary under § 1030 (a)(5)(A)(i), Kalow cites to <u>Shaw v. Toshiba America Information Systems, Inc.</u>, 91 F. Supp. 2d 926 (E.D. Tex. 1999).  The <u>Shaw</u> court, dealing with the same statutory provision, held that CFAA liability could extend to software developers who may ship and deliver faulty microcodes in computer parts.  <u>Id.</u> at 935.  Kalow argues that the court does not expressly address whether the intent to harm is necessary; as such, the specific intent to harm is unnecessary under the statute.  This Court finds Kalow's interpretation of the <u>Shaw</u> Opinion incorrect.  The <u>Shaw</u> court explicitly stated that "Plaintiffs respond that they state a cause of action under 18 U.S.C. § 1030 by alleging in their First Amendment Complaint that Defendants did in fact knowingly transmit and are still transmitting microcode or instructions contained in floppy disk controllers . . . which, microcode or instructions Defendants <u>knew would cause the loss and corruption of data on computers used in interstate commerce</u>."  <u>Id.</u> at 932-33 (emphasis added).  Simply put, the plaintiffs in <u>Shaw</u> not only pled that defendants knowingly had transmitted a code but had knowingly transmitted a defective code capable of causing damage to a computer system.

Furthermore, in another case cited by Kalow, <u>North Texas Preventive Imagin, LLC v. Eisenberg</u>, No. CV 96-71, 1996 U.S. Dist. LEXIS 19990, at *15-16 (C.D. Cal. Aug. 26, 1996), the court there held that "[t]he transmission of a disabling code by floppy computer disk may fall within the new language [of CFAA], if accompanied by the intent to cause harm." <u>Id.</u> at *16. In fact, the court acknowledged that Congress' aim in amending the CFAA in 1994 was to place an emphasis on harmful intent and resultant harm rather than just unauthorized access. <u>Id.</u> at *13.

In this case, viewing all the allegations and inferences drawn therefrom in the light most favorable to Kalow, Kalow has failed to plead an intent to cause harm. In its Complaint, Kalow alleges that Commence "intentionally transmitted a software code" to Kalow's computer system and that, the "software code Defendant Commence intentionally transmitted to these computer systems caused damage to them." Kalow, however, has not actually averred that Commence intended to cause <u>harm</u>, i.e. actual intent. As such, Kalow has failed to allege an element necessary to state a claim under the CFAA. <u>See</u> 18 U.S.C. § 1030(a)(5)(A)(i). Kalow's claim under the CFAA is dismissed without prejudice. However, Plaintiff shall have leave to amend its Complaint with regard to Count One.

    III.    <u>Count Two - The New Jersey Consumer Fraud Act</u>

Commence has also challenged that Kalow's Complaint fails to sufficiently state a cause of action under the NJCFA.

> "To state a claim under the NJCFA, a plaintiff must allege each of three elements (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." [<u>Frederico v. Home Depot</u>, 507 F.3d 188, 202 (3d Cir. 2007)] (citing <u>Cox v. Sears Roebuck & Co.</u>, 138 N.J. 2, 647 A.2d 454 (1994)). The NJCFA defines unlawful practice broadly, as including but not limited to unconscionable commercial practice, deception, fraud, false promise, false pretense, misrepresentation, or knowing concealment N.J.SA. §56:8-2.

<u>Construcciones Haus Soceidad v. Kennedy Funding, Inc.</u>, No. 07-0392, 2008 U.S. Dist. LEXIS

33685, at *14 (D.N.J. Apr. 24, 2008).  "The pleading requirements of Rule 9(b) apply to . . . NJCFA claims as well as . . . common law fraud claims."  Slim CD, Inc. v. Heartland Payment Sys., No. 06-2256, 2007 U.S. Dist. LEXIS 62536, at *32 (D.N.J. Aug. 22, 2007) (citing F.D.I.C. v. Bathgate, 27 F.3d 850, 856 (3d Cir. 1994)).

In Frederico, the court elucidated what must be alleged to satisfy the heightened standard:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004).  To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation. See id. at 224.

Frederico, 507 F.3d at 200.  Under the NJCFA "when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud."  Cox, 647 A.2d at 462 (citing Chattin v. Cape May Greene, Inc., 124 N.J. 520, 522, 591 A.2d 943 (1991)); see also Slim CD, 2007 U.S. Dist. LEXIS 62536 at *32 (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 691 A.2d 350, 365 (N.J.1997)) ("[W]hen the alleged consumer fraud consists of an omission, intent is an essential element of the charge").  While the heightened pleading standard of Rule 9(b) allows essential elements of the omission under the NJCFA, such as intent, to be alleged generally, such elements still need to be alleged.  See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge and other conditions of mind of a person may be alleged generally").  The Court now turns to each of the elements to determine whether Plaintiff has sufficiently pled its NJCFA claim.

      A.    *Unlawful Conduct by the Defendants*

The first element a plaintiff must allege to state a claim under the NJCFA is "unlawful conduct by the defendants."  Frederico, 507 F.3d at 202.  "To violate the Act, a person must

commit an 'unlawful practice' as defined in the legislation." Cox, 647 A.2d at 462.

> The NJCFA defines "unlawful practice" as: The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . .N.J.S.A. § 56:8-2.

Frederico, 507 F.3d at 202. "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." Cox, 647 A.2d at 462; see also Slim CD, 2007 U.S. Dist. LEXIS 62536 at *32. Kalow simply alleges in its complaint that "Defendant engaged in unfair, false, deceptive, and misleading practices, representations, and omissions in representing that it produced good quality software that businesses should rely upon and that it would stand behind its software." (Class Action Compl. ¶ 33, July 25, 2007.) While Kalow, in its Complaint, does not affirmatively identify the type of unlawful practice that Defendant engaged in, Kalow asserts in its briefing that the unlawful practice committed by Commence is a "knowing omission." However, Commence argues that this allegation, by itself, fails to live up to the stringent pleading restrictions imposed by Rule 9(b) on fraud claims, specifically that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); (Reply Br. 6.) The Court agrees.

In Slim CD, this Court found allegations to have been plead under the NJCFA with sufficient specificity to withstand a motion to dismiss where the pleading contained allegations that:

> Slim CD knowingly concealed, suppressed or omitted facts material to Heartland's purchase of the computer software . . . in that it failed to disclose the existence of the secret and unauthorized 'Spyware' program, that the computer software contained errors, bugs, and defects, and that the computer software did not embody the functional specifications as set forth in the Contract.

Slim CD, 2007 U.S. Dist. LEXIS 62536 at *33 (citations omitted). In contrast, Kalow's Complaint only contains a recitation of the language defining an "unlawful practice" contained in N.J.S.A. § 56:8-2 and a vague claim that Commerce "represent[ed] that it produced good quality software that businesses should rely upon and that it would stand behind its software." (Compl. ¶ 33); see Frederico, 507 F.3d at 202. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although there is ample inference in the Complaint that Commence acted with knowledge that its software contained a "time bomb" and omitted to inform Kalow of its presence, Kalow fails to specifically allege the intent required by both the NJCFA and Rule 9(b) to survive a motion to dismiss.

B. *An Ascertainable Loss on the Part of Plaintiff*

The second element a plaintiff must allege to state a claim under the NJCFA is "an ascertainable loss on the part of the plaintiff." Frederico, 507 F.3d at 202. Kalow alleges that "[b]ecause their valuable . . . data was no longer fully accessible to them, Kalow, like the other class members, was forced to purchase this upgrade for $15, 211.00." (Compl. ¶ 16.) Commence does not dispute the sufficiency of this element. Nevertheless,

> Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them.

Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). In Seville, the court found that the plaintiff "adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces

of machinery that were the subject of the alleged fraud." Id. Similarly, Kalow has pled with specificity the loss in dollar amount it alleges it suffered by being "forced" to purchase a particular software upgrade provided by Commence. (Compl. ¶ 16.) Thus, this element has been pled sufficiently.

        C.    *A Causal Relationship between Unlawful Conduct and Ascertainable Loss*

The third element a plaintiff must allege to state a claim under the NJCFA is "a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." Frederico, 507 F.3d at 202. Kalow's allegation under the NJCFA regarding a "causal nexus" between Commence's alleged unlawful conduct and its own ascertainable loss is that "[d]efendant's unfair and deceptive conduct proximately caused Plaintiff and the Class to be injured." (Compl. ¶ 34.) Commence asserts that Kalow failed to adequately plead this element because Kalow failed to properly plead the element of unlawful conduct. As such, Kalow is unable to demonstrate the causal connection required.

In order to properly plead this element, Plaintiff must allege facts establishing a causal nexus with the particularity required by Rule 9(b). In Dewey v. Volkswagon, the court found that a plaintiff had not sufficiently plead a "casual nexus" within "Rule 9(b)'s strictures" by alleging misrepresentations made by the defendant and plaintiff's injury "in only the most general and conclusory terms." Dewey v. Volkswagon, No. 07-2249, 2008 U.S. Dist. LEXIS 28077, at *52. The court noted that the allegations made by the plaintiff were "legal conclusions, not factual allegations that would, if true, establish a 'causal nexus'" because they did not allege when statements were made or when the plaintiffs were exposed to the statements. Id. at *53. "Without this information, Plaintiffs have not properly plead a 'causal nexus' with the particularity required by Rule 9(b)." Id. Hypothesizing what might be required "to

demonstrate the required causal nexus" the court noted:

> For example, in order to demonstrate the required causal nexus, Plaintiffs might be expected to plead facts stating whether the allegedly fraudulent statements on the website were on the website at the time that any of the individual Plaintiffs were deciding whether to purchase a Volkswagen, and whether any of the Plaintiffs saw those statements on Volkswagen's website.

Id. at *54, n.19.

Instead, Kalow only alleges in broad-brush fashion that it "started using Commence's software at least as early as 2000," (Compl. ¶ 6), and that "[d]efendant's unfair and deceptive conduct proximately caused Plaintiff and the Class to be injured." (Compl. ¶ 34.) These allegations do not rise to the level of specificity outlined by the court in Dewey. See Dewey, 2008 U.S. Dist. LEXIS 28077 at *52. Nevertheless, since Kalow may have sufficient information to allege a "causal nexus" between the "unlawful conduct" and the "ascertainable loss", but has failed to do so, instead reciting legal conclusions that alone do not pass muster under Twombly nor Rule 9(b), the Court will also allow Plaintiff to amend its Complaint with regard to Count Two.

   IV. Count Three - Various States' Consumer Fraud Acts

Neither party addressed the sufficiency of the third count. Defendant, in a conclusory manner, argues that the Court should dismiss Count Three for the same reasons why Count Two should be dismissed. The Court finds that Count Three is insufficiently pled for the Court to engage in an analysis under Rule 12(b)(6). Plaintiff simply re-alleges the allegations pertaining to Counts One and Two, and then asserts violations of various states' consumer fraud acts, without specifically setting forth any of the elements necessary for each of the respective statutes. Moreover, the allegations do not assert that these state statutes require similar elements as the NJCFA. Thus, the allegations in Count Three, do not even meet the liberal notice

pleading standard under Rule 8. Furthermore, the Court notes that Plaintiff has not identified other plaintiffs in the class that would give Kalow standing to bring any other consumer fraud claims against Commence besides the NJCFA. See Kauffman v. Dreyfus, Inc., 434 F.2d 727, 734 (3d Cir. 1970)( "[A] predicate to [a plaintiff's] right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class"). Accordingly, the Court dismisses Count Three for failure to state a claim upon which relief can be granted, without prejudice.

## CONCLUSION

Kalow has failed to allege the elements necessary to state a claim under the NJCFA and the CFAA. Therefore, Kalow's claims are dismissed without prejudice. However, the Court takes notice of Kalow's Brief in Opposition to the Motion to Dismiss which indicates the ability to plead the absent allegations. See In re Orthopedic Bone Screw Prods. Liab. Litig., No. 1014, 1996 U.S. Dist. LEXIS 12434, at *2 (E.D. Pa. Aug. 22, 1996) ("The court will dismiss all fraud claims in the Lestelle Omni Actions under Rule 9(b), without prejudice, because the circumstances of fraud are not averred with sufficient particularity"). Therefore, Plaintiff shall have twenty days from the date of the Order accompanying this Opinion to amend its Complaint.


Date: June 23, 2008

                                                        /s/ Freda L. Wolfson
                                          FREDA L. WOLFSON, U.S.D.J.