**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
KALOW & SPRINGNUT, LLP on behalf,  :
of itself and those similarly situated,    :
                                :   Civil Action No.: 07-3442 (FLW)
         Plaintiff,           :
                                :       **OPINION**
       v.                   :
                                :
COMMENCE CORPORATION,     :
                                :
        Defendant.         :
_____:

**WOLFSON, United States District Judge,**

      Presently before the Court is Defendant Commence Corporation's ("Defendant" or "Commence") Motion to Dismiss Plaintiff Kalow & Springnut, LLP's ("Plaintiff" or "Kalow") Amended Complaint. Plaintiff's initial Complaint was dismissed without prejudice and Plaintiff was given Twenty (20) days to amend its Complaint. For the reasons set forth below, Defendant's Motion to Dismiss is granted in part and denied in part; Count III of the Amended Complaint is dismissed and Defendant's motion to dismiss Count I and II is denied.

      **I. Fact & Procedural Background**

      In the interests of judicial economy, this Court will incorporate the facts as outlined in its previous opinion. See Kalow & Springnut, LLP v. Commence Corp., No. 07-3442, 2008 U.S. Dist. LEXIS 48036, *1-4 (D.N.J. June 23, 2008).

      On March 20, 2006, Plaintiff brought a class action suit against Defendant to recover damages arising from the alleged failure of computer software that Plaintiff purchased from

Defendant seven years ago.  Plaintiff filed a Class Action Complaint pursuant to Rule 23(a) and (b)(3) on behalf of a class that consists of those who purchased Commence's software.  Specifically, the three-count Complaint alleged: 1) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, for Defendant's alleged intentional transmission of a software code causing damage to Plaintiff's computer systems; 2) violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-2, for Defendant's alleged engagement in deceptive and misleading practices in the marketing of its software; and 3) violations of various consumer fraud acts in the states where Defendant conducts business (virtually all states), in anticipation of class certification. Commence moved to dismiss the Complaint in its entirety.

For the reasons set forth in the Opinion dated June 23, 2008, the Court granted Defendant's motion and dismissed Plaintiff's claims without prejudice with 20 days to amend its Complaint.  See generally Kalow, 2008 U.S. Dist. LEXIS 48036.  On July 14, 2008, Plaintiff filed its Amended Complaint to cure the deficiencies.  Now, Defendant moves again  to dismiss the Amended Complaint in its entirety.

**II. Standard of Review**

In reviewing a motion to dismiss on the pleadings, a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff.  See Gomez v. Toledo, 446 U.S. 635, 636 n. 3, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim.  See Hishon v. Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  Recently, in Bell Atlantic Corporation

2

v. Twombly, the Supreme Court clarified the Rule 12(b)(6) standard. 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  Thus, while a complaint does not need detailed factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65.

### III. Discussion

#### A. Count I - The Computer Fraud and Abuse Act

The CFAA provides that any person "who knowingly causes the transmissions of a program, information, code, or command, and as a result of such conduct intentionally causes damage without authorization, to a protected computer," shall be subject to certain sanctions and punishments.  18 U.S.C. § 1030(a)(5)(A)(I).  The provision relevant to financial loss mandates that at least one person suffers damage aggregating in at least $5,000.00 in value in any one year period.  18 U.S.C. § 1030(a)(5)(B)(I).[1]

---

[1]"Damage" is the "any impairment to the integrity or availability of data, a program, a system, or information…" that causes an aggregate loss of five thousand dollars ($ 5,000.00) in a one-year period. 18 U.S.C. § 1030(e)(8).

This Court dismissed Count I of Plaintiff's initial Complaint for failing to plead that Defendant possessed an intent to cause harm.  See Kalow, 2008 U.S. Dist. LEXIS 48036 at *9. Now, Plaintiff's Amended Complaint alleges in Count I that the protected computers damaged by Defendant's software belonged to Plaintiff and the class members it seeks to represent, that Defendant intentionally transmitted a software code to these protected computers, and that this software code was intended to cause damage and did cause damage in excess of $5,000.00.  (Am. Compl. ¶¶ 32-36.)  On the other hand, Defendant argues that Plaintiff allegations merely amount to "little more than the failure of a piece of software."  (Def. Reply Br. 7.)  The Court disagrees.

To correct the deficiencies this Court found in its previous Complaint, Plaintiff has expanded its allegations to include the assertion that, because computer software does not "wear out or fail like a mechanical device . . . for software to stop working, it must either have been intentionally designed to stop working, or the environment in which it is operating must have been altered, either as a result of the change in other software running on the same computer, or as a result of a change in the computer itself."  (Am. Compl. ¶¶ 6-7.)  Further, Plaintiff alleges that it had not altered its computer system immediately before Defendant's software stopped working, and thus, Defendant's software must have been intentionally designed to stop working by way of a "time-bomb" in the software. (Id. ¶¶ 11-12.)  In response to the newly asserted allegations, Defendant contends that the Amended Complaint states no factual allegations showing Plaintiff is entitled to relief under the CFAA.  (Def. Br. 5.)  It reasons that this Court should dismiss Count I of the Amended Complaint because Plaintiff's assertion is based on faulty logic that fails to take into account other reasonable explanations, such as programming errors.  (Id. 5-6.)

The Third Circuit summed up the Supreme Court's formulation of the pleading standard in Twombly as requiring Plaintiff to "state . . . a complaint with enough factual matter (taken as true) to suggest the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Twombly, 127 S. Ct. at 1965) (internal quotations omitted). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (citing Twombly, 127 S. Ct. at 1965). Plaintiff is only required to allege facts which give Defendant fair notice of Plaintiff's claims, regardless of whether those claims can be ultimately proven. Defendant is free to challenge Plaintiff's logical assertions at a later stage, however, Defendant cannot defeat this allegation by offering the Court an alternative explanation for the software's alleged failure. To the extent Defendant argues that Plaintiff failed to plead adequate types of damages, the Court finds that Plaintiff has sufficiently pled damages recoverable under the CFAA, namely, the unavailability of certain customer data and information due to the intentional placement of a time bomb, the purchase of an upgrade, and lost productivity and wages or fees paid to computer consultants. See 18 U.S.C. § 1030(e)(8) ("Damage" is the "any impairment to the integrity or availability of data, a program, a system, or information…" that causes an aggregate loss of five thousand dollars ($ 5,000.00) in a one-year period).

At this stage, the Court is required to accept Plaintiff's allegations as true; specifically, Plaintiff's allegation that, since Plaintiff had not altered its computer systems, Defendant's software would not have stopped operating but for its intentional use of a "time-bomb" to harm Plaintiff by forcing Plaintiff and class members to purchase new software. (Am. Compl. ¶¶ 6-7.) These

allegations are sufficient to state a claim under the CFAA.  Accordingly, Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint is denied.

### B. Count II - The New Jersey Consumer Fraud Act

The NJCFA was enacted by the New Jersey legislature in 1960 "to address rampant consumer complaints about fraudulent practices in the marketplace and to deter such conduct by merchants" and was amended in 1971 to "authorize private actions by injured parties."  Solo v. Bed Bath & Beyond, Inc., No. 06-1908, 2007 U.S. Dist. LEXIS 31088, *5 (D.N.J. Apr. 26, 2007) (citations omitted).  To state a claim under the NJCFA, a Plaintiff must allege:

> (1) [U]nlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss."  [Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007)] (citing Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454 (1994)).  The NJCFA defines unlawful practice broadly, as including but not limited to unconscionable commercial practice, deception, fraud, false promise, false pretense, misrepresentation, or knowing concealment.  N.J.SA. §56:8-2.

Construcciones Haus Soceidad v. Kennedy Funding, Inc., No. 07-0392, 2008 U.S. Dist. LEXIS 33685, at *14 (D.N.J. Apr. 24, 2008).  Further, "[t]he pleading requirements of Rule 9(b) apply to . . . NJCFA claims as well as . . . common law fraud claims."  Slim CD, Inc. v. Heartland Payment Sys., No. 06-2256, 2007 U.S. Dist. LEXIS 62536, at *32 (D.N.J. Aug. 22, 2007) (citing F.D.I.C. v. Bathgate, 27 F.3d 850, 856 (3d Cir. 1994)).

In Frederico, the court elucidated what must be alleged to satisfy the heightened pleading standard:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged."  [Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004)].  To satisfy this standard, the plaintiff must plead or

allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.  See id. at 224.

Frederico, 507 F.3d at 200.  Under the NJCFA "when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud."  Cox, 647 A.2d at 462 (citing Chattin v. Cape May Greene, Inc., 124 N.J. 520, 522, 591 A.2d 943 (1991)); see also Slim CD, 2007 U.S. Dist. LEXIS 62536 at *32 (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 691 A.2d 350, 365 (N.J.1997)) ("[W]hen the alleged consumer fraud consists of an omission, intent is an essential element of the charge").  While the heightened pleading standard of Rule 9(b) allows essential elements of the omission under the NJCFA, such as intent, to be alleged generally, such elements still need to be alleged.  See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge and other conditions of mind of a person may be alleged generally").

The Court dismissed Count II of Plaintiff's initial Complaint for failing to specifically allege the intent and  a causal nexus between the unlawful conduct and the ascertainable loss required by both the NJCFA and Rule 9(b).  See Kalow, 2008 U.S. Dist. LEXIS 48036 at *14, 18.  Plaintiff's newly asserted allegations in Count II claim that Defendant engaged in an unfair, false, deceptive, and misleading business practice, namely, that Defendant designed its software to fail on a pre-determined date, concealed that it had designed the software to fail on that date, that the software did fail on that date, and when the software failed it proximately caused Plaintiff and the class members to be injured.  (Am. Compl. ¶¶ 42-46.)  To counter, Defendant reargues that Plaintiff has not pled facts establishing a causal relationship between the Defendant's unlawful conduct and the Plaintiff's ascertainable loss.  (Def. Br. 7.)  This Court finds Defendants' argument unavailing.

In <u>McCalley v. Samsung Elecs. Am., Inc.</u>, the court found that plaintiff had adequately set forth a claim under the NJCFA where the plaintiff alleged that "had the alleged [d]efect been disclosed, consumers would not have purchased [defendant's product]."  No. 07-2141, 2008 U.S. Dist. LEXIS 28076, at *26 (D.N.J. 2008); <u>see also</u> <u>Strzakowlski v. GMC</u>, No. 04-4740, 2005 U.S. Dist. LEXIS 18111, 2005 U.S. Dist. LEXIS, at *25 (D.N.J. Aug. 16, 2005) (plaintiff adequately alleged a NJCFA claim where plaintiff claimed that she would not have purchased her vehicle if GM had disclosed the defect at issue).  Similarly, Plaintiff, here, has sufficiently alleged the casual relationship between Defendant's unlawful conduct ( i.e., the knowing omission of the inclusion of a "time-bomb" in Defendant's software) and Plaintiff's ascertainable loss by asserting that "Plaintiff and the Class would not have purchased Defendant's software if they had known that it contained a time bomb."  (Am. Compl. ¶ 45.)  <u>See</u> <u>Slim CD</u>, 2007 U.S. Dist. LEXIS 62536 at *33 (finding similar allegations to have been pled under the NJCFA with sufficient particularity to withstand a motion to dismiss).  As such, Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is denied.

**C. Count III - Other States Consumer Fraud Acts**

This Court dismissed Count III of Plaintiff's initial Complaint for failing to meet the liberal notice pleading standard under Rule 8 and granted Plaintiff leave to amend its Complaint.  <u>See</u> <u>Kalow</u>, 2008 U.S. Dist. LEXIS 48036 at *19.  Plaintiff has filed an Amended Complaint that alleges in Count III that "Defendant has engaged in unfair or deceptive acts in violation" of every state's consumer fraud act, including the District of Columbia, but excluding Maine, Alabama, Mississippi, Wyoming, and Wisconsin .  (Am. Compl. ¶¶ 52-97.)  Defendant has moved to dismiss Count III of the Amended Complaint pursuant to Rule 12(b)(6), arguing that Plaintiff has not alleged any facts

that Defendant included a "time-bomb" in software or sold it to purchasers to intentionally damage these consumer's computer systems.  (Def. Br. 8-9.)

Plaintiff contends that Count III is meant to act as a catch-all "cover" for any class members who the Court finds cannot sue under the NJCFA.  (Pl. Br. 16.)  First, there is no basis for this Court to conclude that all the elements of consumer fraud statutes in other states mirror the statute in New Jersey.  Second, Plaintiff has not sufficiently alleged facts in Count III of its Amended Complaint to even pass muster under Rule 8.  Fed. R. Civ. P. 8.  Further, Plaintiff has failed to identify any person making a claim under any other state statute.  Should there be sufficient facts upon which to allege violations of other states' consumer fraud act in the future, Plaintiff may then request leave to amend its Complaint to assert new causes of action pursuant to Rule 15(a).  Fed. R. Civ. P. 15(a).

### IV. Conclusion

Plaintiff has sufficiently alleged in its Amended Complaint that Defendant intended to harm Plaintiff as required by the CFAA and that a causal relationship exists between the Defendant's unlawful conduct and the Plaintiff's ascertainable loss as required by the NJCFA to survive Defendant's Motion to Dismiss Count I and II pursuant to Rule 12(b)(6).  Plaintiff has not sufficiently alleged claims under the District of Columbia's and the 45 state's consumer fraud acts listed in its Amended Complaint, and as such, Defendant's Motion to Dismiss Count III will be granted.

Date: January 5, 2009

_____/s/ Freda L. Wolfson_____
FREDA L. WOLFSON, U.S.D.J.