**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALOW & SPRINGUT, LLP, on behalf of itself and all those similarly situated, | |
| | Civil Action No. 07-3442(FLW) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| COMMENCE CORPORATION, | |
| Defendant. | |

**WOLFSON, District Judge**:

Plaintiff Kalow & Springut, LLP ("Plaintiff") moves for partial reconsideration of this Court's prior decision denying Plaintiff's request to certify a single class of all users of networked versions ("All Users Class") of Defendant Commence Corporation's ("Defendant") software, who were allegedly affected by a "time-bomb" placed intentionally by Defendant to disable the software. Previously, the Court found that the putative class had not met Rule 23's predominance requirement because of a lack of choice of law analysis with respect to Plaintiff's New Jersey Consumer Fraud Act claim. In the instant matter, Plaintiff seeks partial certification of the class solely under its Computer Fraud and Abuse Act ("CFAA") claim. For the reasons that follow, the Court certifies the All Users Class only with respect to the CFAA claim.

1

## BACKGROUND

The facts of this case have been recounted by the Court in its previous class certification Opinion. See Opinion dated February 18, 2011, pp. 2-3. As such, the Court will incorporate them herein. As early as 2000, Plaintiff, a law firm, used a version of Defendant's software for customer relationship management, timekeeping, patent docketing, and calendaring. As alleged, on March 20, 2006, all versions of the Software stopped working because the software package included a computer code (referred to as a "time bomb"), which rendered the software inoperable after that date.

Consequently, Plaintiff brought this putative class action suit alleging two separate causes of action: the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("NJCFA"). In its previous motion, Plaintiff sought to certify a class on behalf of all of the networked users of Defendant's software who suffered damages when the software stopped working on March 20, 2006. Notably, Plaintiff sought certification based upon both claims – CFAA and NJCFA claims. After extensive briefing, the Court denied certification of the class because Plaintiff did not conduct a choice-of-law analysis with respect to its NJCFA claim, and therefore, failed to meet the predominance requirement of Rule 23(b). Now, Plaintiff moves the Court to reconsider its ruling only as to partially certifying the class based on the CFAA claim.

At the outset, the Court notes that because Plaintiff previously did not move for partial class certification based on its CFAA claim, the Court will construe this motion as one for partial certification rather than a motion for reconsideration. Thus, an analysis of whether Plaintiff has met the standard for reconsideration is not necessary.

## DISCUSSION

Based upon the Court's prior ruling, Plaintiff submits that a partial certification of the All Users Class is appropriate since the Court has found that its CFAA claim has meet all of Rule 23's requirements.[1] On the other hand, Defendant argues that while partial class certification may generally be permitted, Plaintiff has failed to make a sufficient showing that a certifying class consisting only of the CFAA cause of action is appropriate here. For support, Defendant relies on the reasoning espoused by the Third Circuit in Hohider v. United Parcel Service, Inc., 574 F.3d 169 (3d Cir. 2009).

In Hohider, Plaintiffs, former employees of the United Parcel Service, moved to certify a class for an action against their former employer. Hohider, 574 F.3d at 172. Specifically, plaintiffs averred that defendant's employment policies were unlawfully discriminatory under the Americans with Disabilities Act ("ADA"). Id. For their claim, plaintiffs sought injunctive and declaratory relief as well as back

---

[1] In its opinion, the Court noted that "[w]ith respect to Plaintiff's federal cause of action pursuant to CFAA . . . Plaintiff has shown that common issues of the class related to Defendant's liability would predominate over individual issues." In addition, the Court determined that the CFAA cause of action met all other Rule 23 requirements. See Opinion at p. 24 n.12.

3

pay and compensatory and punitive damages for the entire class. Id. at 173. Based on the nature of the ADA claims, the district court derived its analysis of class certification from the Supreme Court's "two-stage evidentiary framework" to adjudicate "pattern-or-practice claims of discrimination under Title VII of the Civil Rights Act . . . ."[2] Id. at 173-174. As that court noted, the bifurcation was necessary to first determine if in fact defendant was liable for violating the ADA, and second, to determine the damages each plaintiff suffered if liability was found. Id. at 175-177. Because damages among the class differed, the court found that the claim for damages of the cause of action under the ADA did not meet the requirements of Rule 23(b). Id. at 175. However, finding that the issue of damages could be addressed in the second phase of litigation, the court partially certified the class with respect to the defendant's liability under the ADA. Id.

In reviewing the district court's decision, the Third Circuit held that it was improper for the district court to use the two-phase approach without incorporating the specific elements plaintiffs needed to establish defendant's liability under the ADA.[3] Hohider, 574 F.3d at 196-197. Without it, the Third Circuit explained that it

---

[2] The court relied on Supreme Court decisions in International Brotherhood of Teamsters v. U.S., 431 U.S. 324 (1977), Franks v. Bowman Transportation Co., 424 U.S. 747 (1976), and Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867 (1984), which created, and expanded upon, the two-phase analysis of adjudicating pattern-or-practice claims of alleged Title VII violations, and applied them to the context of private-class actions under the ADA.

[3] Specifically, "[t]he District Court neglected to incorporate [a] substantive evaluation of the ADA into its application of the [two-step] framework to plaintiffs' claims." Hohider, 574 F.3d at 196.

4

would be impossible to determine whether defendant was liable for engaging "in a pattern or practice of unlawful discrimination" in violation of the ADA. Id. at 196.

The Third Circuit also determined that the district court erred in granting partial certification under Rule 23(c)(4). Id. at 199-201. It reasoned that the lower court failed to establish how tabling the claim for compensatory and punitive damages until phase two of the litigation would be proper since it ruled that the damages claim failed to meet the predominance requirement. Id. In addition, the Third Circuit noted several factors outside of Rule 23 which should be considered in order to partially certify based upon an element of a claim under Rule 23(c)(4):

> a court's decision to exercise its discretion under Rule 23(c)(4), like any other certification determination under Rule 23, must be supported by rigorous analysis. Furthermore, we believe several considerations are relevant to determining "[w]hen [it is] appropriate" for a court to certify a class only "with respect to particular issues," Fed. R. Civ. P. 23(c)(4): the type of claim(s) and issue(s) in question; the overall complexity of the case and the efficiencies to be gained by granting partial certification; the substantive law underlying the claim(s), including any choice-of-law questions it may present; the impact partial certification will have on the constitutional and statutory rights of both the class members and the defendant(s); the potential preclusive effect that resolution of the proposed issues class will have; and so forth.

Hohider, 574 F.3d at 200-202.

Here, relying on those additional factors, Defendant argues that Plaintiff has failed to meet these other "considerations" set forth by the Third Circuit. However, Defendant's reliance on Hohider is misplaced. The entire premise of Hohider focuses on the issue of liability, which is a specific element within the plaintiffs' claim of

5

discrimination under the ADA, and in that regard, when it is proper to partially certify a class based on a particular issue within a cause of action.

Indeed, the circuit split recognized by the Third Circuit in Hohider elaborates on exactly this point. The Fifth Circuit's "incidental damages" standard requires that every element within a cause of action must satisfy Rule 23(b)(3)'s predominance requirement before partial certification can be granted. See, e.g., Castano v. American Tobacco. Co., 84 F.3d 734, 745-746 n.21 (5th Cir. 1996); Allison v. Citgo Petroleum Corp., 151 F.3d 403 (5th Cir 1998). By contrast, the Second Circuit's approach of "ad hoc balancing" rejects the Fifth Circuit's standard, opting instead to allow partial certification for elements within one cause of action under Rule 23(c)(4) regardless of whether all elements meet the predominance requirement. See, e.g., In re Nassau County Strip Search Cases, 461 F.3d 219 (2d Cir. 2006); Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147 (2d Cir. 2001).[4]

---

[4] Specifically in Castano, the Fifth Circuit stated "[a] district court cannot manufacture predominance through the nimble use of [Rule 23(c)(4)]. The proper interpretation of the interaction between subdivisions (b)(3) and (c)(4) is that a cause of action, as a whole, must satisfy the predominance requirement of (b)(3) and that (c)(4) is a housekeeping rule that allows courts to sever the common issues for a class trial. Reading rule 23(c)(4) as allowing a court to sever issues until the remaining common issue predominates over the remaining individual issues would eviscerate the predominance requirement of rule 23(b)(3); the result would be automatic certification in every case where there is a common issue, a result that could not have been intended." Castano, 84 F.3d at 745-746 n.21 (citations omitted). In contrast, the Second Circuit disagreed with the Fifth Circuit's rationale, finding that district courts "should take full advantage of [Rule 23(c)(4)] to certify separate issues in order to reduce the range of disputed issues in complex litigation and achieve judicial efficiencies," Robinson, 267 F.3d at 167 & n.12 (internal quotes and ellipsis omitted), and "a court may employ [Rule 23(c)(4)] to certify a class as to

The Court need not engage in this type of analysis because the inquiry here is not whether <u>specific elements or issues</u> within a claim should be partially certified, but rather, whether partial certification of a single <u>cause of action</u>, or a claim, is suitable. The important distinction is that the issue in <u>Hohider</u> deals with the former: elements within a cause of action.[5]

With respect to the latter, it is well settled that a district court can partially certify a class as to a single cause of action within a suit. While the Third Circuit has not explained in detail, the Fourth Circuit in <u>Gunnells v. Healthplan Services, Inc.</u>, 348 F.3d 417 (4th Cir. 2003), has had the opportunity to conduct a complete and thorough analysis on this question. In <u>Gunnells</u>, the court explained that pursuant to Rule 23(c)(4), a district court can partially certify as to a single cause of action within a lawsuit so long as it meets Rule 23's general requirements. <u>See</u> <u>id.</u> at 439. More particularly, the court stated that "[Rule 23(c)(4)] should be used to separate one or more claims that are appropriate for class treatment, provided that within that claim or claims . . . the predominance and all other necessary requirements of [Rule 23(a) and (b)] are met." <u>Id.</u> at 441 (quotations omitted).

Surveying out-of-circuit cases, the circuit court elaborated:

All other courts have explicitly or implicitly endorsed an interpretation of (c)(4) that considers whether Rule 23's predominance requirement is

---

liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement. <u>In re Nassau</u>, 461 F.3d at 227.

[5] The Court has reviewed the most recent Supreme Court case, <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 (2011), on class certification. While the Supreme Court examined the commonality requirements of Rule 23(a), that analysis is not probative of this Court's decision in the partial certification context.

met by examining *each cause of action* independently of one another, not the entire lawsuit . . . . See, e.g., Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38-43 (1st Cir. 2003) (reversing decertification of two out of three decertified claims and affirming decertification with respect to third claim); Piazza v. EBSCO Industries, Inc., 273 F.3d 1341, 1349, 1351-53 (11th Cir. 2001) (finding "no basis for concluding that the district court abused its discretion by certifying a class against the EBSCO Defendants on" claim for breach of fiduciary duty for lost profits but finding abuse of discretion for certification of stock sale and under-valuation claims against EBSCO and reversing class certification with respect to claims against another defendant, Price Waterhouse Cooper); Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 154 (2d Cir. 2001) (evaluating plaintiffs' disparate impact claim separately from pattern-or-practice disparate treatment claim); Becherer v. Merrill Lynch, 193 F.3d 415, 430 (6th Cir.1999) (en banc) (Moore, J., concurring in the judgment) (noting that district court "properly certified a class with respect to the contract claims" against one defendant, without ruling on fraud and other claims against multiple defendants); id. at 428 (majority opinion) (noting without disapproval that "the district court reached the class certification question with respect to the contract issues, but not the remaining claims"); Allison v. Citgo Petroleum Corp., 151 F.3d 402, 421-22 (5th Cir.1998) (conducting an *independent* predominance inquiry for each cause of action . . . . Hudson v. Capital Mgmt. Int'l, Inc., 565 F.Supp. 615, 630-31 (N.D.Cal.1983) (granting class certification for statutory claims of fraud and negligent misrepresentation and denying certification for common law claims despite recognizing that "[i]ndividual questions of law and fact would vastly overshadow any common questions if the court were to certify classes based on the common law claims"); Lewis v. Capital Mortgage Invs., 78 F.R.D. 295, 307 (D. Md. 1977) (granting class certification for securities law claims but excluding common law fraud claim from class action certification); Hernandez v. Motor Vessel Skyward, 61 F.R.D. 558, 561 (S.D. Fl. 1973) (granting class certification for negligent exposure cause of action but not breach of contract, breach of implied warranty, or inadequate medical treatment causes of action).

Gunnells, 348 F.3d at 441-442.

Indeed, decisions within this district are in accord with the approach delineated by the Fourth Circuit. See, e.g., Cannon v. Cherry Hill Toyota, Inc., 184 F.R.D. 540, 544 (D.N.J.1999) ("This court ... has previously rejected the notion that class certification under Rule 23 is 'an all-or-nothing proposition' requiring class certification of all causes of action asserted in a single pleading." (citations omitted)); Stephenson v. Bell Atl. Corp., 177 F.R.D. 279, 289 & n. 4, 295 (D.N.J.1997) (granting certification for anti-trust causes of action while denying certification for other claims, noting that "[d]ifferential treatment of claims is permitted by Rule 23 (c)(4)" and case law does not suggest "that class certification of all asserted causes of action is an all-or-nothing proposition.").

More importantly, as the Fourth Circuit explicitly recognized, the Third Circuit has twice reversed district courts for not considering partially certifying a class with respect to a specific cause of action. See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 453(3d Cir. 1977) ("Even assuming that the court were correct in its conclusion that the lease claim is not appropriate for class determination, it nevertheless should have considered certification of the trade-mark claim under Rule 23(c)(4)[]."); Geraghty v. United States Parole Comm'n, 579 F.2d 238, 252-53 (3d Cir. 1978) vacated on other grounds, 445 U.S. 388, 402-03, (1980)(rejecting the district court's conclusion "that a class action is inappropriate" because "not all of the grounds of action alleged in the complaint are applicable to the [proposed] class"

9

because that conclusion "does not properly acknowledge the powers and duties of the trial court under section (c)(4) of Rule 23").

Here, Plaintiff's class action suit against Defendant asserts violations of both the NJCFA and CFAA – two separate and distinct causes of action. Plaintiff now moves to partially certify its class as to its CFAA claim only. To that end, Plaintiff only needs to establish that the CFAA claim, as a whole, meets Rule 23(a) & (b) requirements.  Indeed, as noted above, the Court previously found that Plaintiff's CFAA claim met those requirements set forth by Rule 23. See Opinion at p. 24 (finding that Plaintiff's CFAA cause of action meets the requirements of numerosity, commonality, typicality and adequacy of Rule 23(a) as well as the predominance and superiority requirements of Rule 23(b)(3)). Since Plaintiff's CFAA claim meets these requirements, the Court partially certifies the class on this basis.

## CONCLUSION

For the foregoing reasons, the Court finds that granting partial class certification for Plaintiff's CFAA claim is appropriate and, therefore, Plaintiff's motion is GRANTED.

DATED: August 15, 2011                              /s/      Freda L. Wolfson
                                                    Freda L. Wolfson, U.S.D.J.